UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN COUNTY AND CHIEF BUTLER,<br><br>Defendants. | CAUSE NO. 1:25-CV-554-JD-JEM |

OPINION AND ORDER

Eddie Lee Taylor, a prisoner without a lawyer, filed a vague complaint alleging that his religious rights were violated while he was incarcerated at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor alleges that he is a practicing Wiccan. He has been incarcerated at the Allen County Jail since September 27, 2025. On October 07, 2025, he asked for a Wiccan Bible twice. A correctional officer laughed and said that Wiccan was not a real religion. The text was not provided. Taylor also made requests for a religious diet and a prayer towel. These requests were also denied. He is suing Allen County and Chief Butler for

violating his religious rights under the First Amendment, Eighth Amendment, and Fourteenth Amendment.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "The Free Exercise Clause prohibits the state from imposing a 'substantial burden' on a 'central religious belief or practice.'" *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quoting *Kaufman v. McCaughtry*, 419 F.3d 678, 682-83 (7th Cir. 2005)). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (quotation marks and alterations omitted). But "[i]n the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a 'substantial burden' on free exercise, may be justified if it is 'reasonably related to legitimate penological interests.'" *Kaufman*, 733 F.3d at 696 (quoting *O'Lone v. Shabazz,* 482 U.S. 342, 349 (1987)).

However, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). As with the First Amendment, "a prisoner's request . . . must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015). To state a claim under RLUIPA, an inmate must plausibly allege that an aspect of his religious practice has been substantially burdened. *Id.* At a later stage, the burden will shift to the defendant to

show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005); *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008).

Regarding Taylor's request for a Wiccan Bible and a prayer towel, he has not stated a claim under the Free Exercise Clause or even the broader protections of RLUIPA, because he has not alleged that he was prohibited from possessing the book or prayer towel, only that it was not provided to him free of charge. *See Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005) (RLUIPA is "directed at obstructions institutional arrangements place on religious observances, [it] does not require a State to pay for an inmate's devotional accessories."); *Charles v. Verhagen*, 348 F.3d 601, 605 (7th Cir. 2003) (concluding RLUIPA allows an inmate to possess prayer oil that he bought himself); *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy.").

Taylor also wants a Wiccan diet, but he does not describe the dietary rules of his faith or explain how the diet he is receiving violates those rules. He also wants some sort of religious service for Wiccans and practitioners of witchcraft. He says he wants the same resources that other religions receive, but he does not provide any information about what the jail offers practitioners of other religions or how those accommodations or services are paid for. His allegations are too vague to state a claim.

Additionally, Taylor has named Allen County as a defendant. Because a county has no agency relationship with a sheriff or the sheriff's department, a county cannot be held liable under a respondeat superior theory for the actions of a sheriff or a sheriff's

department. *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. App. 1990); *Argandona v. Lake Cty. Sheriff's Dep't*, No. 2:06-CV-259, 2007 WL 518799, at *3 (N.D. Ind. Feb. 13, 2007) ("The court concludes that the Lake County Sheriff's Department, when acting in its law enforcement capacity, is neither an arm of the State nor a mere extension of Lake County. Rather, the Department is a separate municipal entity and subject to suit under § 1983.").

The amended complaint is short on facts, dates, and specifics about Taylor's requests for a Wiccan Bible, a special religious diet, a prayer rug, and religious services. Based on what it does say, it is not plausible to infer that his religious rights were violated by the defendants. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened

to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Taylor believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) LIFTS the STAY previously imposed in this case (ECF 4);

(2) GRANTS Eddie Lee Taylor until **October 28, 2026**, to file an amended complaint; and

(3) CAUTIONS Eddie Lee Taylor that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 28, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT